IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| TROY JASON PATRICK RILEY, <br> ADC #150806 <br><br> Petitioner, <br> v. <br><br> WENDY KELLEY, Director, <br> Arkansas Department of Correction, <br><br> Respondent. | * <br> * <br> * <br> * <br> *    No. 5:18cv00308-JJV <br> * <br> * <br> * <br> * <br> * |

## MEMORANDUM AND ORDER

**I.   BACKGROUND**

Petitioner, Troy Jason Patrick Riley, was convicted of rape by a Logan County jury in 2011 and sentenced to 300 months' imprisonment. (Doc. No. 13 at 1.) He appealed to the Arkansas Supreme Court, which affirmed his conviction and provided a brief recitation of the facts as follows:

> Riley was charged with the rape of his stepdaughter, who was under fourteen years of age at the time. At trial, K.W. testified that while she was sleeping, Riley came into her room and touched her on top of her clothes. She stated that after that, he began touching her under her clothes. She further testified that on one occasion he penetrated her digitally, and on three other occasions, he raped her. As already noted, Riley was convicted of rape; he now appeals.

*Riley v. State*, 2012 Ark. 462, 2 (2012).

Mr. Riley subsequently filed a petition for Rule 37 relief in the Logan County Circuit Court, which was denied on May 2, 2013. (Doc. No. 13 at 2.) Petitioner filed a motion for reconsideration based upon new evidence, which the circuit court denied on June 10, 2013. (*Id.*) Mr. Riley also attempted to appeal his original Rule 37 to the Supreme Court of Arkansas on May 30, 2013, however he failed to timely file the trial record and his appeal was dismissed. (*Id.*)

Nearly two years later, Mr. Riley attempted to reopen his case by filing a petition for a writ of *error coram nobis*, but the Supreme Court of Arkansas denied the petition as incognizable on May 21, 2015. (*Id*.) On June 22, 2017, Petitioner filed a Petition for Discretionary Hearing with the Logan County Circuit Court to possibly examine exculpatory evidence not available at the time of trial. (*Id*.) This petition was denied on December 14, 2017. (*Id*.) Four days later, Mr. Riley filed a motion for a new trial with the Logan County Circuit Court, which was denied on February 8, 2018. (*Id*. at 3.) Mr. Riley appealed the decision to the Supreme Court of Arkansas and it was subsequently denied on May 31, 2018. (*Id*.)

On October 11, 2018, Mr. Riley filed a petition for writ habeas corpus in the Jefferson County Circuit Court. (*Id*.) The court denied it on October 30, 2018, saying that it failed to include an affidavit or other credible evidence that demonstrated a colorable cause of action. (*Id*. at 3.) On December 6, 2018, Mr. Riley filed a Petition for a Writ of Habeas Corpus in this Court, alleging violations of the Eighth Amendment, prosecutorial misconduct, actual innocence, and a lack of jurisdiction on behalf of the trial court. (*Id*.) After careful consideration of the Petition and Response, for the following reasons, I find the Petition should be dismissed.

## II.   ANALYSIS

Mr. Riley's Petition (Doc. No. 2) is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Title 28 U.S.C. § 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For Mr. Riley, time began to run on August 28, 2013 – 90 days after the Logan County Circuit Court denied his Rule 37 petition[1]. Although he filed a petition for a writ of *error coram nobis* in 2015, such a filing would not serve as a way to resurrect an untimely federal habeas claim. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[B]y the time Painter filed his state-court application on November 11, 1997, there was no federal limitations period remaining to toll, and the [federal habeas corpus] petition was properly dismissed as time-barred."). Mr. Riley's present Petition for Writ of Habeas Corpus is more than five years too late.

I also find Mr. Riley is not entitled to equitable tolling. Equitable tolling is only appropriate when a petitioner (1) shows that he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649

---

[1] Arkansas appellate court rules allow 90 days to perfect an appeal by lodging the appropriate record with the Arkansas Supreme Court. Ark. R. App. P. Civ. 5(a). This 90-day application period is tolled for the purposes of filing a petition for a writ of habeas corpus in a federal district court. *Evans v. Chavis*, 546 U.S. 189 (2006).

3

(2010).  Mr. Riley has not alleged any extraordinary circumstance that kept him from filing his petition within the one-year limitation period.  Petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, do not justify equitable tolling.  *See*, *e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).  In other words, where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is not available because Congress is presumed to have considered such obstacles in determining that one year represents a fair and appropriate limitations period.  *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008).  In this case, Mr. Riley presents no evidence he pursued his claims with the level of diligence required for me to grant any equitable tolling.   While he has applied for various forms of relief on the state level, the significant time gaps between petitions limit my ability to find the claims were pursued diligently.

 Likewise, I find Mr. Riley's claim of actual innocence unavailing.  Mr. Riley's support for his claim of actual innocence stems from the alleged recantations from the minor victim.  (Doc. No. 2 at 6, 39-40.)

 The United States Supreme Court made it clear in *McQuiggin v. Perkins*, 569 U.S. 383, 390 (2013), that a claim of actual innocence acts "as a gateway to adjudication of a federal habeas petition on the merits."  However, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001).  Mr. Riley must establish (1) new and reliable evidence that was not presented to the state courts, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him.  *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). But as Respondent correctly points out, the time to file a

petition under the newly discovered evidence provision of 28 U.S.C. § 2244(d)(1)(D) begins to run when the factual predicate could have been discovered through the exercise of due diligence. Mr. Riley has failed to timely file his petition under 28 U.S.C. § 2244(d)(1)(D).

The affidavit attached to the Petition is dated August 19, 2016. But as Respondent notes, Mr. Riley first received a written recantation on January 22, 2015. (Doc. No. 13 at 7.) So, Mr. Riley would have had one year from the date of its discovery to file a petition for writ of habeas corpus. Even giving Petitioner all benefit of the doubt and tolling the time he spent seeking relief through his petition for writ of *error coram nobis*, his federal petition was years past the deadline to timely file. Therefore, I find the Petition is time-barred and should be dismissed[2].

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing

---

[2] Petitioner's newly discovered evidence also fails to past the second part of the test – that in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. At best, this recantation only serves to conflict with the trial testimony of the licensed professional counselor who testified Petitioner admitted to having sexual intercourse with the minor victim. (Doc. No. 13 at 10.)

*Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time-barred. Therefore, no certificate of appealability should be issued.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2. A certificate of appealability should not be issued.

DATED this 7th day of May 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE